IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN ELLIS PORTER, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> DERRAL ADAMS, WARDEN, ) <br> ) <br> Respondent. ) <br> ) | CV F 03-6431  WMW HC <br><br> ORDER RE PETITIONER'S MOTIONS <br><br> [Docs. 28, 30, 36, 37] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On October 25, 2005, Petitioner filed a Request to Amend the Petition and an Application for Stay/Abeyance Procedures and Nunc Pro Tunc Equitable Tolling of the AEDPA Statute of Limitation Applicable to this Case.  Petitioner also lodged with the court a proposed amended petition.  Respondent opposes the motions.

In the Application filed by Petitioner, he states that he seeks the court's permission "to amend his pending petition to include federal claims currently pending exhaustion in the California Supreme Court."  A petitioner who is in state custody and wishes to collaterally

challenge his conviction by a petition for writ of habeas corpus must first exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988). Because, as Petitioner states, his claims are currently pending before the California Supreme Court, he has not yet exhausted his state judicial remedies as to those claims. Therefore, he may not now amend his petition to add them. Accordingly, Petitioner's application to amend his petition will be denied without prejudice to his right to file an appropriate motion to amend his petition after his additional claims have been exhausted.

Relatedly Petitioner seeks an order finding that he is entitled to equitable tolling of the statute of limitations back to the date of the filing of his petition. It would be premature for the court to address this issue before it addresses a timely filed motion to amend. Accordingly, Petitioner's request for an order tolling the statute of limitations will be denied without prejudice.

Petitioner also seeks a stay of his petition until he has exhausted his additional claims before the California Supreme Court. A district court has discretion to stay a petition which it may validly consider on the merits. Rhines v. Weber, ___ U.S. ___, 125 S.Ct. 1528, 1534, 2005 WL 711587 (2005); Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-88 (9th Cir. 1998); Greenawalt v. Stewart, 105 F.3d 1268, 1274 (9th Cir.), *cert. denied*, 519 U.S. 1102 (1997). However, the Supreme Court recently held that this discretion is circumscribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Rhines, 125 S.Ct. at 1534. In light of AEDPA's objectives, "stay and abeyance [is] available only in limited circumstances" and "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Id.

at 1535.  Even if Petitioner were to demonstrate good cause for that failure, "the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." Id.

Unfortunately, the Rhines does not discuss what circumstances would constitute "good cause" for a petitioner's failure to exhaust his claims in state court before initiating his federal habeas corpus proceeding.  In the present case, Petitioner provides a declaration stating that the claims are newly discovered, and could not reasonably have been discovered earlier.  This court is not prepared to find that this does not constitute good cause.  See Fetterly v. Paskett, 997 F.2d 1295, 1301   (9th Cir. 1993) (abused of discretion found when court denied stay to exhaust newly discovered claims).   Further, the fact that Petitioner has already filed his petition with the California Supreme Court presenting his newly discovered claims weighs towards supporting the AEDPA's objective of encouraging finality and undermines AEDPA's objective of streamlining federal habeas proceedings. Id. at 1534.  Accordingly, Petitioner's request for a stay will be granted.

Further, Petitioner seeks an order striking the Answer filed by Respondent and the Traverse filed by Petitioner (Doc. 30).  There being no legal basis for such a request, the request will be denied.

Finally, Petitioner requests the court to hold an evidentiary hearing regarding the knowledge of the California Attorney General regarding the operations of  the Institute for Criminal Justice Research .  The purpose of an evidentiary hearing in a habeas corpus petition is to resolve a factual dispute relevant to the merits of a claim.  An evidentiary hearing on a claim is required where it is clear from the petition that:  (1) the allegations, if established, would entitle the petitioner to relief;  and (2) the state court trier of fact has not reliably found the relevant facts.  See, Hendricks v. Vasquez, 974 F.2d 1099, 1103 (9th Cir.1992).  As the function of an evidentiary hearing is to try issues of fact, Townsend v. Swain 372 U.S. 293, 309 (1963)(*overruled in part by* Keeney v. Tamayo-Reyes, 504 U.S. 1,

112 S.Ct. 1715 (1993)), such a hearing is unnecessary when only issues of law are raised. <u>Id</u>. In the present case, Petitioner's allegations regarding the Attorney General's complicity in the allegedly improper activities of the Institute for Criminal Justice Research, even if true, have nothing to do with the merits of his claims.  Further, there is no indication that a state court trier of fact has considered these allegations.  Accordingly, these allegations provide no basis for an evidentiary hearing in the present case.

On January 27, 2006, Petitioner filed a motion for leave to conduct discovery and a motion for the court to issue subpoenas duces tecum.  Respondent opposes these motions. Rule 6(a) of the Rules Governing Section 2254 Cases provides in part that, "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery."

Petitioner seeks discovery regarding any information possessed by the California Attorney General regarding the Institute for Criminal Justice Research.  As stated above, Petitioner's allegations regarding this entity have nothing to do with the merits of the claims presented in this petition for writ of habeas corpus.  Further, these allegations regarding the Attorney General are also irrelevant to any claim of equitable tolling.  Accordingly, Petitioner's discovery motions will be denied.

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1) Petitioner's application to amend his petition (Doc. 28) is HEREBY DENIED without prejudice to his right to bring an appropriate motion to amend after exhausting his state judicial remedies;

2) Petitioner's motion for an order finding that he is entitled to equitable tolling (Doc. 30) is HEREBY DENIED without prejudice;

3) Petitioner's request for a stay (Doc. 30) is HEREBY GRANTED and this case is STAYED pending further order of the court.  Every thirty days, beginning ten days

after service of this order, Petitioner shall file with the court and serve on Respondent a status report regarding his claims before the California Supreme Court.  Petitioner shall immediately inform the court and Respondent when his claims are resolved. Failure to file timely status reports will result in the dismissal of this action.

4) Petitioner's request for an order striking the Answer and Traverse previously filed in this case is HEREBY DENIED;

5) Petitioner's request for an evidentiary hearing regarding the knowledge of the California Attorney General concerning the activities of the Institute for Criminal Justice Research (Doc. 30) is HEREBY DENIED;

6) Petitioner's proposed amended petition shall remain lodged with the court pending further order of the court;

7) Petitioner's motion for leave to conduct discovery (Doc. 36) is HEREBY DENIED;

8) Petitioner's motion for the court to issue subpoenas duces decum (Doc. 37) is HEREBY DENIED.

IT IS SO ORDERED.

**Dated:   March 16, 2006**         **/s/  William M. Wunderlich**
mmkd34                              UNITED STATES MAGISTRATE JUDGE