IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BRIAN ELLIS PORTER,** )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>)<br>**DERRAL ADAMS, WARDEN,** )<br>)<br>Respondent. )<br>)<br>_____ ) | CV F 03-6431  WMW HC<br><br>**ORDER REQUIRING<br>FURTHER BRIEFING RE<br>ACTUAL INNOCENCE** |

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254. This case proceeds on the amended petition filed August 3, 2006.

    On August 3, 2006, Petitioner filed his amended petition, realleging his original three claims as grounds one, two and seven, and asserting six newly exhausted claims. The newly exhausted claims are as follows: (3) Section 209, the California aggravated kidnaping law, is

unconstitutionally vague, on its face and as applied, in violaton of the Fourteenth Amendment's due process clause; (4) Petitioner is actually innocent of the crimes for which he is convicted and imprisoned in violation of the United States Constitution; (5) Section 209, as applied to Petitioner, violated the United States and California constitutional bans on cruel and unusual punishment; (6) the evidence was insufficient , under the federal Constitution, to establish the crimes of extortion charged in counts one and six of the charging information; (8) ineffective assistance of counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution; (10) in effective assistance of appellate counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution.

On December 13, 2006, Respondent filed a motion to dismiss claims three through six and eight through ten of the amended petition, the new claims,  on the ground that the claims are untimely in violation of 28 U.S.C. Section 2244(d).  Respondent argues that Petitioner is not entitled to either statutory or equitable tolling, and that the claims are not entitled to relation back principles.  On March 19, 2007, Petitioner filed three documents: 1) an opposition to the motion to dismiss; 2) a second opposition to the motion to dismiss; and 3) a motion for discovery, evidentiary hearings, depositions, and appointment of counsel and an investigator.

In his second opposition to the motion to dismiss, Petitioner contends that even if the court concludes that tolling or relationback is unwarranted, he is entitled to have his newly exhausted claims heard under the actual innocence gateway established in Schlup v. Delo, 513 U.S. 298 (1995).  Petitioner makes the same argument in his motion for discovery, evidentiary hearings, depositions, and appointment of counsel and an investigator. On March 22, 2007, Respondent filed a response to this motion, in which he simply incorporates by reference prior responses to Petitioner's motions.  Nowhere in those responses, however, does Respondent address the application of the Schlup actual innocence gateway to

Petitioner's claims.

In Majoy v. Roe, 296 F.3d 770 (9th Cir.2002), the Ninth Circuit remanded an untimely federal petition to the district court for the court to determine if the petitioner met the possible actual innocence gateway for an untimely petition. Id. at 776-77 & n.3. Under the actual innocence gateway of Schlup v. Delo, a petitioner's procedurally barred claim may be considered on the merits if his claim of actual innocence is sufficient to implicate a fundamental miscarriage of justice. Majoy, 296 F.3d at 775-76; Carriger v. Stewart, 132 F.3d 463, 477 (9th Cir.1997) (en banc). The petitioner must present evidence to show that in light of all the evidence, including evidence not introduced at trial, it is more likely than not that no reasonable juror would have convicted him. Schlup, 513 U.S. at 327; Majoy, 296 F.3d at 776; Sistrunk v. Aremenakis, 292 F.3d 669, 673, 677 (9th Cir.2002). "A petitioner need not show that he is 'actually innocent' of the crime he was convicted of committing; instead, he must show that 'a court cannot have confidence in the outcome of the trial.'" Majoy, 296 F.3d at 776 (quoting Schlup, 513 U.S. at 316 and Carriger, 132 F.3d at 478). The Ninth Circuit has explained that claiming one should be allowed to pass through the Schlup gateway is "not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." Majoy, 296 F.3d at 778 n.1 (quoting Schlup, 513 U.S. at 315). In Schlup, the Supreme Court cautioned that to be credible, a claim of actual innocence requires the "petitioner to support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial." Schlup, 513 U.S. at 324; Majoy, 296 F.3d at 776.

In the present case, Petitioner seeks an evidentiary hearing to present the testimony of himself, Angelique Williams and Kia Block. He argues that the testimony of these three witness will provide an alibi, demonstrating that he could not have committed the crime of which he was convicted. This testimony was not presented at trial, and Petitioner brings a claim of ineffective assistance of counsel because of that fact.

The issue before the court is whether, in light of all the evidence, including evidence not introduced at trial, it is more likely than not that no reasonable juror would have convicted Petitioner. See Schlup, 513 U.S. at 327; Majoy, 296 F.3d at 776.  Because he did not do so previously, Respondent will be ordered to brief this issue.  As court is requiring Respondent to brief only one issue,  Respondent will be given a limited amount of time to do so.

Accordingly, IT IS HEREBY ORDERED as follows:

1) Respondent shall file a supplemental reply brief, addressing whether Petitioner is entitled to have his constitutional claims considered under the Schlup actual innocence gateway;

2) Respondent shall file and serve his supplemental reply brief by 4:00 p.m. on Friday, September 7, 2007.  No extensions of time will be granted.IT IS SO ORDERED.

**Dated:    August 27, 2007**               /s/  **William M. Wunderlich**
UNITED STATES MAGISTRATE JUDGE

4